# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SAM CATRABONE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:14-cv-00550-JMS-TAB |
| WENDY KNIGHT, | ) ) ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

Sam Catrabone seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. CIC 14-02-0137. In the course of this action, the Indiana Department of Correction vacated the guilty verdict and sanctions at issue in this case and ordered a rehearing of No. CIC 14-02-0137. The respondent argues that because the conviction and sanctions challenged in this case have been vacated this action is now moot and must be dismissed. Catrabone has opposed the motion to dismiss.

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). Catrabone does not dispute that the earned credit time taken from him and the demotion in credit class have been restored, but suggests that the case is not moot because he seeks placement in a therapeutic community program and back pay. Catrabone has indeed identified ongoing consequences of his prior disciplinary action, but none of these consequences resulted in the imposition of "custody" as required by the federal

habeas statute, 28 U.S.C. § 2254(a). He cannot now, and never could, obtain relief in this action for non-custodial sanctions. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). Accordingly Catrabone's desire for back pay and a particular institutional placement does not prevent this action from being moot.

A case which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

The respondent's motion to dismiss [10] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  September 8, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SAM CATRABONE
27296
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

All Electronically Registered Counsel